**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur Charles Gallegos, | No. CV-12-0444-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Ronald Reinstein, et al., | |
| Defendants. | |

On March 26, 1988, plaintiff, while intoxicated, drove at a high rate of speed down the wrong way of a street in Phoenix, collided with another car, and killed 3 people. On April 21, 1989, plaintiff entered a no contest plea to three counts of vehicular manslaughter in the Superior Court of Arizona in Maricopa County and was sentenced to serve concurrent 10-year prison terms on the first two counts and a 5-year consecutive term on the third count. After serving his sentence, plaintiff began filing state and federal lawsuits raising various challenges to his plea agreement and conviction. See, e.g., Gallegos v. Reinstein, No. CA-CV-11-0135 (Ct. App. Oct. 25, 2011) (denying plaintiff's second "motion for relief from order denying withdraw plea of guilt no contest" [sic]); Gallegos v. State of Arizona, No. CV-08-1877 (D. Ariz. Oct. 14, 2008). The case now before us is the latest in that line of cases.

We have before us plaintiff's motion to withdraw the guilty plea (doc. 4), motion for

1   order of civil trial (doc. 5) and motion to amend his complaint (doc. 15), state defendants'
2   response (doc. 16), and plaintiff's reply (doc. 19). We also have defendant Connell's motion
3   to dismiss (doc. 6), plaintiff's response (doc. 12), and Connell's reply (doc. 13); and state
4   defendants' motion to dismiss (doc. 14), plaintiff's response (doc. 17), and state defendants'
5   reply (doc. 18).

6         Plaintiff again asks to withdraw his 1989 no contest plea, complaining, among other
7   things, that it was involuntary and coerced. He again names as defendants a Superior Court
8   judge, two Superior Court commissioners, two probation officers, and a Maricopa County
9   sheriff. It is difficult to determine from reading plaintiff's largely unintelligible complaint
10  and briefs exactly what he is alleging. The nature of the allegations changes from one
11  document to the next. It is clear, however, that plaintiff is once again challenging various
12  state court rulings. He acknowledges that he "has made several requests to withdraw Plea
13  in lower court but has been denied." Motion to Withdraw Plea at 2.

14        We are without authority to review final state court decisions. Under the Rooker-
15  Feldman doctrine, absent express statutory authority, only the United States Supreme Court
16  has jurisdiction to review final decisions of state courts. See 28 U.S.C. § 1257; District of
17  Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983); Rooker v.
18  Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923); Noel v. Hall, 341 F.3d 1148, 1154
19  (9th Cir. 2003). In addition, to the extent that plaintiff asks us to collaterally consider
20  arguments previously dismissed in Gallegos v. State of Arizona, No. CV-08-1877 (D. Ariz.
21  Oct. 14, 2008), his claims are barred by the doctrine of res judicata.

22        Plaintiff also seeks to amend his complaint, purportedly to correct the spelling of the
23  defendants names and to comply with Fed. R. Civ. P. 8. He attaches a proposed amended
24  complaint to his motion that fails to comply with LRCiv 15.1 because it does not indicate in
25  what respect it differs from the original complaint. In addition to failing to comply with the
26  local rules, however, plaintiff's proposed amendments continue to assert various challenges
27  to final state court judgments, the review of which is not available in this court. Thus, the
28  proposed amendment would be futile and the motion to amend is denied.

1 **IT IS ORDERED DENYING** plaintiff's motion to withdraw his guilty plea (doc. 4), **DENYING** plaintiff's motion for a civil trial (doc. 5), and **DENYING** plaintiff's motion to amend his complaint (doc. 15).

**IT IS FURTHER ORDERED GRANTING** defendant Connell's motion to dismiss (doc. 6), and **GRANTING** the state defendants' motion to dismiss (doc. 14). The clerk shall enter final judgment.

We urge plaintiff to seek the advice of a lawyer before wasting his time and the court's resources on any further flawed filings. If he does not have a lawyer, he may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association at 602-257-4434.

DATED this 27th day of June, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge